In re HABEAS CORPUS CASES.

No. 03–MISC–0066 (JBW).

United States District Court,
E.D. New York.

May 1, 2003.

Ernesto G. Lopez–Soltero, U.S. Attorney, Torre Chardon, Hato Rey, PR.

## MEMORANDUM & ORDER WITH DIRECTIONS TO SPECIAL MASTER

WEINSTEIN, Senior District Judge.

Marc Falkoff has been appointed by Chief Judge Edward R. Korman and by me as Special Master for the disposition of these cases. Mr. Falkoff holds a J.D. from Columbia Law School, a Ph.D. from Brandeis University, an M.A. from the University of Michigan, Ann Arbor, and a B.A. from the University of Pennsylvania. He has served as a judicial clerk in the United States Court of Appeals for the Tenth Circuit and in the United States District Court for the Eastern District of New York. The cases will be decided by me. The Special Master will assist with reports and studies as I direct. He is instructed to approach these cases as follows:

1. These are collateral attacks on judgments of New York State courts, which have a justifiable reputation for protecting defendants' substantive and due process rights. Constitutional errors may have been made. They will be addressed.

2. Petitioners are entitled under due process and the rule of law to a prompt disposition of their cases. Delay may constitute a denial of due process, particularly since it may result in unjustified prison detention.

3. In expediting dispositions, the court should consider the psychic costs that result from delays in disposition for a class of generally poor, uneducated and unrepresented prisoners. Usually they are incarcerated far from their families. Many await a court decision without any explanation for any delays. Except in unusual cases, petitioners are entitled to be heard by the court, at least by telephone.

4. It would be desirable for counsel to be assigned for each petitioner. This is impossible. There is no right to counsel in this type of collateral attack. The Eastern District habeas corpus Criminal Justice Act panel and pro bono panel are insufficient in size to provide counsel for more than a very small fraction of the pending cases.

5. There will be an appreciable burden on the District Attorneys who must respond to a large number of cases quickly. This burden cannot justify further delays.

6. Deciding such a large number of cases will probably lead to a surge of appeals to the court of appeals for the Second Circuit. Certificates of appealability should not be

unnecessarily granted. They should be provided only where warranted by the law and the facts. Where a petitioner requests, a notice of appeal should be filed on his or her behalf. Prosecution of any appeal and applications in the court of appeals for certificates of appealability or for counsel on appeal are not matters we can assist petitioners with.

7. All hearings will be conducted in public.

8. A short memorandum and order incorporating the court's oral findings on the record will normally be appropriate. The memorandum and order may cull from the briefs of either party by paraphrase or direct quotation.

9. The court is not limited to the exact points made by petitioners, who are usually proceeding pro se.

10. The record should be searched to see whether a substantial issue has been overlooked by petitioner. Such an error has to be weighed with the evidence of guilt and the total fairness of the trial, as evidenced by the record and material *de hors* the record.

11. While evidentiary hearings should be kept to a minimum, if there is a substantial federal issue, an evidentiary hearing should be held.

12. Burdening the state courts with unnecessary, repeated returns to exhaust should be avoided. When consonant with law and the facts, a case should be shaped for final disposition without additional collateral proceedings.

SO ORDERED.